UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN BARTH,
        Plaintiff,


        V.                                CIVIL ACTION NO.
                                          15-13794-MBB

CITY OF PEABODY,
RK REALTY TRUST and
RICHARD DIPIETRO,
        Defendants.


**MEMORANDUM AND ORDER RE:**
**PLAINTIFF JOHN BARTH'S MOTION FOR SUMMARY JUDGMENT**
**(DOCKET ENTRY # 27)**

January 11, 2017

**BOWLER, U.S.M.J.**

Pending before this court is a motion for summary judgment filed by plaintiff John Barth ("plaintiff") against defendant City of Peabody ("the City") as to Count I of a complaint for the "taking of private property without compensation." (Docket Entry # 27). The City opposes the motion. (Docket Entry # 30). After conducting a hearing, this court took the motion (Docket Entry # 27) under advisement.

PROCEDURAL BACKGROUND

Plaintiff filed the pro se complaint on November 9, 2015. (Docket Entry # 1). Jurisdiction is based on federal question under 28 U.S.C. § 1331, as the complaint alleges violations of

42 U.S.C. § 1983 ("section 1983"), 42 U.S.C. § 1985 ("section 1985"), 42 U.S.C. § 1986 ("section 1986"), as well as the Fifth and Fourteenth Amendments.

The complaint is an amalgam of various causes of action. (Docket Entry # 1).  Count I summarily references approximately 23 "violations of law."  The only violations developed in plaintiff's brief are the following:  (1) violations of Massachusetts General Laws chapter 79, sections six, ten, and 14 ("chapter 79"), for failing to award damages after a taking was made on behalf of a body politic; (2) violation of Massachusetts General Laws chapter 40A, section six ("chapter 40A"), for failing to exempt a pre-existing home from a zoning ordinance; (3) violation of the Equal Protection Clause under section 1983 by selectively denying plaintiff permission to reconstruct a pre-existing nonconforming dwelling; (4) violation of the Fifth Amendment's Takings Clause for denying a variance from the zoning ordinance thereby diminishing all or nearly all of the value of the property; (5) violation of the Due Process Clause of the Fourteenth Amendment under section 1983 by depriving plaintiff of his property without due process; (6) violation of section 1985 by a conspiracy to deprive plaintiff of his property; and (7) violation of section 1986 for failing to prevent a violation of a constitutional right.  (Docket Entry # 28).

STANDARD OF REVIEW

Summary judgment is designed "to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'"  Tobin v. Federal Express Corp., 775 F.3d 448, 450 (1st Cir. 2014) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)).  It is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  It is inappropriate "if the record is sufficiently open-ended to permit a rational factfinder to resolve a material factual dispute in favor of either side."  Pierce v. Cotuit Fire Dist., 741 F.3d 295, 301 (1st Cir. 2014).

"Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'"  Green Mountain Realty Corp. v. Leonard, 750 F.3d 30, 38 (1st Cir. 2014) (quoting Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)).  The evidence is viewed "in the light most favorable to the non-moving party" and "all reasonable inferences" are drawn in his favor.  Ahmed v. Johnson, 752 F.3d 490, 495 (1st Cir. 2014).  "Unsupported allegations and speculation," however, "do not demonstrate

either entitlement to summary judgment or the existence of a
genuine issue of material fact sufficient to defeat summary
judgment." Rivera-Colón v. Mills, 635 F.3d 9, 12 (1st Cir.
2011); see Serra v. Quantum Servicing, Corp., 747 F.3d 37, 39-40
(1st Cir. 2014) ("allegations of a merely speculative or
conclusory nature are rightly disregarded").

STATEMENT OF FACTS

Plaintiff did not file a LR. 56.1 statement of undisputed
facts.  He does list a number of facts in the motion but, as
support, cites only the unverified complaint.  Because the
complaint was not signed under the pains and penalties of
perjury, it cannot be considered part of the summary judgment
record.  Cf. Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell
v. Medfit Int'l, Inc., 982 F.2d 686, 689-90 (1st Cir. 1993)
(noting that pursuant to 28 U.S.C. § 1746 "an unsworn statement
*signed under penalty of perjury* may be used, in lieu of a sworn
statement or affidavit, to support or oppose a motion for
summary judgment") (emphasis added); see 28 U.S.C. § 1746.  In
response to the facts identified by plaintiff, the City admits
to the existence of a number of these "facts."  Accordingly, the
facts which the City admits and the parties therefore agree upon
are undisputed and part of the summary judgment record.[1]  They

_____

[1]  Previously, this court allowed the City's motion to strike
(Docket Entry # 37) a letter and CD with exhibits plaintiff

are as follows.

Plaintiff purchased a piece of property located at 4 Lynn Street in Peabody, Massachusetts ("the property") for $1,000 on September 8, 2011. (Docket Entry # 30, p. 3). Plaintiff requested a variance for the property. (Docket Entry # 27, p. 3) (Docket Entry # 30, p. 3). The City of Peabody's Zoning Board of Appeals ("ZBA") held a public hearing on July 16, 2012 and voted to deny the variance on July 18, 2012. (Docket Entry # 27, p. 3) (Docket Entry # 30, p. 3).

<u>DISCUSSION</u>

At the outset, the foregoing facts do not entitle plaintiff to summary judgment on any of the causes of action in Count I. As the summary judgment movant with the underlying burden of proof, it was incumbent upon plaintiff to provide facts of suitable evidentiary quality to support all of the elements of each cause of action upon which he seeks summary judgment. His failure to do so warrants denying the summary judgment motion. Out of an abundance of caution, this court examines the merits of the aforementioned causes of action in Count I that plaintiff identifies in the supporting memorandum in order to complete the record.

I.   Failure to Exempt Pre-existing Home from Zoning Ordinance

---

belatedly filed on August 4, 2016, almost three months after the hearing.

Plaintiff argues that the City violated chapter 40A, section six, by failing to exempt the pre-existing home on the property from the zoning ordinance. (Docket Entry # 28, p. 9). Section six of chapter 40A, in pertinent part, states:

> [A] zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun, . . . , but shall apply to any change or substantial extension of such use, . . . except where alteration, reconstruction, extension or structural change to a single or two-family residential structure does not increase the nonconforming nature of said structure.

Mass. Gen. Laws ch. 40A, § 6. Plaintiff submits that the City violated this statute by not granting the variance allowing him to reconstruct the pre-existing home on the property. (Docket Entry # 28, p. 9)

The Massachusetts Supreme Judicial Court uses "a two-part test" to determine if "a pre-existing nonconforming use can be found to fall within the statute's protection." Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, *4 (Mass.Super.Ct. Oct. 12, 1995). First, the court asks (1) whether there was a "use of the property 'lawfully in existence'" on the date of the "proposed amendment to the zoning ordinances," and (2) whether the use of the property was a "'change or substantial extension'" of its prior use. Derby Refining Co. v. City of Chelsea, 555 N.E.2d 534, 537 (Mass. 1990); accord Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, at *4.

"The nonconforming use in question must have been in lawful existence before a zoning ordinance or by-law rendered it unlawful." Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, at *4.  Under Massachusetts law, the right to continue a nonconforming use is not confined to the existing user, but runs with the land.  See Derby Refining Co. v. City of Chelsea, 555 N.E.2d at 538; accord Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, at *4.

Here, plaintiff fails to identify the nonconforming use that existed at the time notice was issued of the revision in the zoning ordinance.  He also fails to provide facts of suitable evidentiary quality regarding the pre-existing nonconforming use.

With respect to the second requirement, the statute requires that the "nonconforming use be maintained in a relatively similar manner and purpose as it was prior to the adoption of the zoning ordinance." Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, *5 .  A three-part test applies to determine "whether there has been a 'change or substantial extension' of the nonconforming use." Id.; accord Derby Refining Co. v. City of Chelsea, 555 N.E.2d at 539. First, the court asks "[w]hether the [current] use reflects the 'nature and purpose' of the [prior] use." Derby Refining Co. v. City of Chelsea, 555 N.E.2d at 539.  Second, the court asks

"[w]hether there is a difference in the quality or character, as well as the degree, of use." Id. Finally, the court asks "[w]hether the current use is 'different in kind in its effect on the neighborhood.'" Id.

Here again, plaintiff does not provide facts in suitable evidentiary form to establish as a matter of law the maintenance of the nonconforming use in a similar manner and purpose. Indeed, there is no summary judgment evidence of the present use in comparison to the use in effect prior to enactment of the zoning ordinance.

Finally, "[t]he burden of proof for both" requirements "is on the party seeking protection under section 6." Grieco v. City of Medford Zoning Bd. of Appeals, 1995 WL 1688634, at *5; accord Derby Refining Co. v. City of Chelsea, 555 N.E.2d at 540 ("the one seeking protected status . . . had the burden of establishing compliance"); see also Hall v. Zoning Bd. of Appeals of Edgartown, 549 N.E.2d 433, 438-39 (Mass.App.Ct. 1990) (owners of residential property claiming protection had burden of proof to show that prior use was lawful).  Moreover, "[w]ithin the stringent statutory requirements of the Zoning Enabling Act, variances are not allowed as a matter of right, and should be 'sparingly granted.'" Mendoza v. Licensing Bd. of Fall River, 827 N.E.2d 180, 194 (Mass. 2005) (citation omitted).

In sum, plaintiff fails to provide enough facts to support

his motion for summary judgment on the chapter 40A claim in
Count I.  Accordingly, he is not entitled to summary judgment on
the chapter 40A, section six claim for failure to exempt the
pre-existing home from zoning ordinances.

II.  <u>Section 1983 Equal Protection Claim</u>

Plaintiff next asserts that the City violated the Equal
Protection Clause of the Fourteenth Amendment by selectively
denying him permission to reconstruct a "'nonconforming'"
dwelling on the property.  (Docket Entry # 28, pp. 17-18).  The
City submits that none of plaintiff's constitutional rights have
been abridged.  (Docket Entry ## 29, 30).

"Section 1983 confers no substantive rights, but rather
provides a venue for vindicating federal rights elsewhere
conferred."  <u>Correa-Ruiz v. Calderon-Serra</u>, 411 F.Supp.2d 41, 50
(D.P.R. 2005).  "[P]laintiff must show . . . that: (1) the
challenged conduct was attributable to a person acting under
color of state law; and (2) the conduct deprived the plaintiff
of rights secured by the Constitution or the laws of the United
States.'"  <u>Johnson v. Mahoney</u>, 424 F.3d 83, 89 (1st Cir. 2005).
Thus, the "'two essential elements of an action under section
1983'" are conduct "'committed under color of state law'" and
"'that this conduct worked a denial of rights secured by the
Constitution or laws of the United States.'"  <u>Grajales v. Puerto
Rico Ports Auth.</u>, 682 F.3d 40, 46 (1st Cir. 2012).

9

Plaintiff argues that the City treated him differently than his similarly situated neighbors in their "*adjacent homes*." (Docket Entry # 28, p. 18).  He further maintains that the City selectively enforced the zoning ordinance by denying him the ability to rebuild the house on the property.  (Docket Entry # 28, p. 18).  He also asserts that the nonconforming use of the property is passed with the title to each subsequent owner and that he was denied the right to the nonconforming use of his property while his neighbors were able to keep their property as nonconforming properties.  (Docket Entry # 28, pp. 12, 18).

"To establish a claim for an equal protection violation by reason of 'selective enforcement' of law or regulation against the plaintiff, the plaintiff must show that '(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Febus-Cruz v. Sauri-Santiago, 652 F.Supp.2d 140, 153 (D.P.R. 2009); see Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 1995) (challenge by landowners to local zoning-variance and code-enforcement actions by municipal officials); see also Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen of the Town of Randolph, 878 F.2d 16, 21 (1st Cir. 1989) (challenge by

restaurant to "closing time" requirement imposed by local licensing authority as condition to obtain liquor license).

Under the Equal Protection Clause, a state is required to treat all similarly situated persons equally. See Plyler v. Doe, 457 U.S. 202, 216 (1982). Equal Protection Clause claims are reviewed under a rational basis standard when the state action does not burden a suspect class. See Heller v. Doe by Doe, 509 U.S. 312, 319 (1993). Under a rational basis review, plaintiff must show that there is no rational relationship between the disparity of treatment and any legitimate government purpose. See id. at 320.

Although plaintiff alleges his neighbors received different treatment (Docket Entry # 28, pp. 18), he provides no evidence of this fact for purposes of summary judgment. He also fails to establish as a matter of law that his neighbors on their adjacent properties were similarly situated with respect to the City's enforcement of the zoning ordinance. Accordingly, plaintiff is not entitled to summary judgment on the section 1983 equal protection claim in Count I.

III.  Violation of Fifth Amendment's Takings Clause

Plaintiff maintains that the City violated the Takings Clause of the Fifth Amendment by denying the variance from the zoning ordinance which was required to rebuild the home on the property. (Docket Entry # 28, p. 5). Plaintiff asserts that

the denial of the variance amounted to a taking because it
deprived him of "the principal [sic] use and enjoyment of" the
land. (Docket Entry # 28, p. 5). The denial, in turn,
diminished all or nearly all of the value of the property,
according to plaintiff. (Docket Entry # 28, p. 8). The City
asserts that it has not physically or constructively taken any
of plaintiff's property. (Docket Entry # 30, pp. 4-5).

Beginning with Pennsylvania Coal Co. v. Mahon, 260 U.S. 393
(1922), the Supreme "Court recognized that government regulation
of private property may, in some instances, be so onerous that
its effect is tantamount to a direct appropriation or ouster-and
that such 'regulatory takings' may be compensable under the
Fifth Amendment." Lingle v. Chevron U.S.A. Inc., 544 U.S. 528,
538-39 (2005). Supreme Court "precedents stake out two
categories of regulatory action that generally will be deemed
*per se* takings for Fifth Amendment purposes." Id. at 538.
"First, where government requires an owner to suffer a permanent
physical invasion of her property-however minor-it must provide
just compensation." Id. Second, a taking occurs when
regulations "completely deprive an owner of '*all* economically
beneficial us[e]' of her property." Id. Moreover, "Where a
regulation places limitations on land that fall short of
eliminating all economically beneficial use, a taking
nonetheless may have occurred, depending on a complex of factors

including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action." Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001). "The government must pay just compensation for such 'total regulatory takings,' except to the extent that 'background principles of nuisance and property law' independently restrict the owner's intended use of the property." Lingle v. Chevron U.S.A. Inc., 544 U.S. at 538.

The facts in the summary judgment record do not establish, as a matter of law, the economic use of the property and the deprivation of that use. Allegations in the unverified complaint or in plaintiff's brief are not facts. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d at 689-90. Plaintiff therefore fails to establish his entitlment to summary judgment on the Fifth Amendment claim in Count I.

In a related argument, plaintiff contends that the City violated chapter 79 by failing to award damages after a constructive taking. (Docket Entry # 28, p. 9). The City asserts that it never ordered a taking and, therefore, the claim should fail. (Docket Entry # 30, p. 5).

Chapter 79 governs eminent domain takings by the Commonwealth and its municipalities for public use. See Mass.

Gen. Laws ch. 79, § 1.  Section six of chapter 79 states, in

pertinent part, that:

> When a taking is made on behalf of a body politic or
> corporate other than a corporation . . . , the board of
> officers by whom the order of taking is adopted shall, . .
> . , award the damages sustained by every person in his
> property by reason of such taking.

Mass. Gen. Laws ch. 79, § 6.  Chapter 79, section ten,

continues, stating:

> When the real estate of any person has been taken for the
> public use . . . but . . . was not effected by . . . a
> formal vote or order of the board of officers of a body
> politic or corporate duly authorized by law, . . . , he is
> entitled to compensation, the damages therefor may be
> recovered under this chapter.

Mass. Gen. Laws ch. 79, § 10.

As previously discussed, plaintiff has not proffered enough

evidence to show that his property was constructively taken as a

matter of law, i.e., that no reasonable jury could find in the

City's favor.  Therefore, he is unable to show that he should be

awarded damages as a matter of law under chapter 79.

IV.  <u>Section 1983 Due Process</u>

Plaintiff next assets that he was deprived of his property

without due process.  (Docket Entry # 28, p. 19).  Plaintiff

states that he owned the property and was denied the right of

free use and enjoyment.  (Docket Entry # 28, p. 19).  Plaintiff

further argues that no Massachusetts law permits deprivation of

property without a proceeding of eminent domain.  (Docket Entry

# 28, p. 19).

While plaintiff is correct in his assertion that it is a violation of the Fourteenth Amendment to deprive an individual of his property without due process, see Miller v. Town of Wenham, Mass., 833 F.3d 46, 51 (1st Cir. 2016), plaintiff received a hearing before the ZBA and thereafter the ZBA denied him a variance.  He was therefore given an opportunity to be heard and availed himself of that opportunity.  (Docket Entry # 30, p. 3).  Accordingly, he fails to establish as a matter of laws that no reasonable jury could find that he was deprived of his property without due process.  Summary judgment as to plaintiff's section 1983 denial of due process claim is therefore denied.

V.   Section 1985 Claim

Plaintiff next argues that the City violated section 1985 by conspiring to deny him equal protection of the law by rejecting his request for the variance.  (Docket Entry # 28, p. 23).  The City generally asserts that none of plaintiff's constitutional rights have been abridged.  (Docket Entry # 30, p. 8).

Section 1985 "confers a private right of action for injuries occasioned when 'two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the

laws, or of equal privileges and immunities under the laws . . ..'" <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 n.2 (1st Cir. 1996); 42 U.S.C. § 1985(3).

As explained by the First Circuit in <u>Aulson</u>:

> To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.

<u>Id.</u> at 3 (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

The fact that the zoning board is comprised of a number of people who denied the variance does not, without more, establish a conspiracy and conspiratorial purpose. Here again, plaintiff's lack of evidence to establish all of the elements of the cause of action as a matter of law warrants a denial of summary judgment in his favor on this claim.

VI. <u>Section 1986 Claim</u>

Finally, plaintiff asserts that the City violated section 1986 by failing to prevent a violation of his constitutional rights. (Docket Entry # 28, pp. 23-25). The City does not directly address this issue but states that none of plaintiff's constitutional rights have been abridged.

16

A prerequisite for a claim under section 1986 "is the existence of a conspiracy actionable under § 1985." <u>Chemlen v. Giulmette</u>, 1994 WL 548135 at *4 n.8 (D.Mass. Aug. 30, 1994); <u>accord</u> <u>Jackson v. Faber</u>, 834 F.Supp. 471, 476 (D.Me. 1993).  In other words, "a § 1986 claim must be predicated upon a valid § 1985 claim."  <u>Mian v. Donaldson, Lufkin & Jenrette Securities Corp.</u>, 7 F.3d 1085, 1088 (2nd Cir. 1993); <u>accord</u> <u>Newberry v. East Texas State Univ.</u>, 161 F.3d 276, 281 n.3 (5th Cir. 1998) (if "§ 1985 claim fails, so must the § 1986 claim").

As previously stated, plaintiff failed to establish as a matter of law an actionable conspiracy under section 1985. Therefore, because plaintiff's section 1986 claim is contingent upon the success of the former, the latter claim is not subject to summary in plaintiff's favor.

CONCLUSION

In accordance with the foregoing discussion, the motion for summary judgment as to Count I (Docket Entry # 27) is **DENIED.**


/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge