```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

JOHN BARTH,
    Plaintiff,

    v.                                                            CIVIL ACTION NO.
                                                               15-13794-MBB

CITY OF PEABODY,
RK REALTY TRUST, and
RICHARD DEPIETRO,
    Defendants.

**MEMORANDUM AND ORDER RE:
MOTION FOR RECUSAL
(DOCKET ENTRY # 106)**

**October 15, 2018**

**BOWLER, U.S.M.J.**

    Plaintiff John Barth ("plaintiff") seeks to recuse the undersigned on the basis of this court's lack of impartiality under 28 U.S.C. § 455(a) ("section 455(a)"). (Docket Entry # 106) (quoting section 455(a)). Plaintiff submits that this court's repeated denials of three summary judgment motions and other motions he filed in defiance of "precedents in the history of United States law" coupled with delays warrant recusal. (Docket Entry # 106).

    Under section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) imposes an objective standard of whether a "reasonable member of the public, 'fully informed of all the relevant facts, would fairly question

the trial judge's impartiality.'" In re United States, 441 F.3d 44, 57 (1st Cir. 2006); accord United States v. Ayala, 289 F.3d 16, 27 (1st Cir. 2002) ("disqualification is appropriate when 'the facts asserted provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality'"); see also In re Bulger, 710 F.3d 42, 45-47 (1st Cir. 2013).

Under section 455(b)(1), a judge shall recuse himself or herself where he or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Often, but not always, such bias or prejudice arises from an extrajudicial source, a factor that also applies to section 455(a). See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (discussing relationship between sections 455(a) and 455(b)(1)).

First and foremost, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 455; see United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) ("[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge"). Second, there is an absence of an extrajudicial source that would give rise to a personal bias or prejudice under section 455(b)(1) or provide an objective basis for recusal under section 455(a). Third, the circumstances do not "display a deep-seated favoritism or

antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. at 555 ("opinions formed by" judge based on "facts introduced or events" during "current proceedings" do not constitute "basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). In sum, neither section 455(a) nor section 455(b)(1) warrant a recusal by the undersigned.

CONCLUSION

In accordance with the foregoing discussion, the motion for recusal (Docket Entry # 106) is **DENIED**.

                                  /s/ Marianne B. Bowler
                              **MARIANNE B. BOWLER**
                              United States Magistrate Judge