```
       UNITED STATES DISTRICT COURT
         DISTRICT OF MASSACHUSETTS
```

JOHN BARTH,
    Plaintiff,

  V.                                  CIVIL ACTION NO.
                                      15-13794-MBB

CITY OF PEABODY,
RK REALTY TRUST, and
RICHARD DiPIETRO,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**RENEWED MOTION TO DISMISS AND FOR SANCTIONS**
**(DOCKET ENTRY # 73)**

**June 19, 2019**

**BOWLER, U.S.M.J.**

    On July 12, 2017 and March 30, 2018, this court issued rulings, respectively, on a June 8, 2017 motion to dismiss or to compel a deposition of plaintiff John Barth ("plaintiff") filed by defendants City of Peabody, RK Realty Trust, and Richard DiPietro ("defendants") (Docket Entry # 56) and a second motion to dismiss based on an attempt to conduct a further deposition of plaintiff also filed by defendant City of Peabody ("defendant") (Docket Entry # 73). Each motion to dismiss additionally sought monetary sanctions. (Docket Entry # 56, ¶ 16) (Docket Entry # 73, p. 2, ¶ 1). This court denied the portion of each motion that sought to dismiss this action. In addition and as to the first motion (Docket Entry # 56), on July 12, 2017, this court allowed the motion to compel and denied without prejudice the

portion of the motion "seeking monetary sanctions for the stenographer's fee and legal fees" associated with plaintiff's June 6, 2017 deposition to be "renewed at the conclusion of the case." As to the second motion (Docket Entry # 73), this court similarly stated that defendant "may renew the portion of the motion that seeks the lesser sanction of having plaintiff pay the costs associated with the August 2, 2017 deposition at the conclusion of this case" as well as the "request for costs associated with the June 6, 2017 deposition." (March 30, 2018 Order). On June 5, 2019, immediately after the jury returned a verdict in defendant's favor, defendant's counsel renewed the motion seeking monetary sanctions for plaintiff's June 6 and August 2, 2017 depositions. (Docket Entry # 141). Whereas defendant's counsel did not identify which "motion" he renewed, this court interprets the statement as renewing the most recent motion (Docket Entry # 73), which seeks costs for both the June 2 and the August 6, 2017 depositions.

## BACKGROUND[1]

On June 6, 2017 plaintiff appeared for the first, noticed deposition at the offices of defendant's counsel.[2] (Docket Entry

---

[1] Unless otherwise indicated, facts are culled from the sworn statements and exhibits regarding the depositions. A number of plaintiff's filings include oaths swearing to the truth of various statements under penalty of perjury.

[2] By affidavit, plaintiff states that defendant conducted the deposition. (Docket Entry # 61, ¶ 1) ("defendant City

# 73, ¶ 1). In a waiting area shortly before the deposition began, defendant's counsel objected to "[p]laintiff personally recording the deposition." (Docket Entry # 56, ¶ 13). Up until that point, there is no indication that plaintiff gave defendant prior notice of plaintiff's decision to record the deposition by an audio recorder. The deposition nevertheless commenced and plaintiff proceeded to answer a number of questions.

When the subject turned to a plot plan by surveyor Christopher Mello ("Mello") that plaintiff submitted with alterations to the Peabody Zoning Board of Appeals ("ZBA"), plaintiff objected to the questions. (Docket Entry # 56, ¶¶ 6-7). Having "answered a number of questions concerning surveyors and the preparation of drawings," plaintiff viewed the questions as unnecessary and/or immaterial. (Docket Entry # 55, p. 7) (Docket Entry # 59, p. 2).[3] Plaintiff then informed defendant's counsel "that he [defendant's counsel] would be allowed two more immaterial questions, after which Plaintiff ended the deposition

---

conducted a deposition of the Plaintiff 6/6/2017 . . ."). Counsel for all three defendants were present. (Docket Entry # 56, ¶ 3). The deposition commenced with defendant's counsel asking plaintiff questions (Docket Entry # 56, ¶ 4) and thereafter plaintiff ended the deposition (Docket Entry # 61, ¶ 5). Accordingly, this court refers to defendant's counsel as opposed to defendants' counsel in describing the events at the first deposition.

[3] Plaintiff also attests that "[t]he only accurate means to inquire about the drawings is by written interrogatory." (Docket Entry # 61, p. 1).

. . .." (Docket Entry # 61, p. 2) (Docket Entry # 56, ¶ 11). As plaintiff left the deposition, he admonished defendant's counsel that "any significant discrepancy between the [stenographic] transcript and his own audio recording of the deposition would be taken as perjury." (Docket Entry # 59, p. 2).

On June 8, 2017, plaintiff filed a motion to terminate the deposition on the basis that defendant conducted the deposition "in bad faith with intent to annoy and oppress" plaintiff under Fed.R.Civ.P. 30(d)(3) ("Rule 30(d)"). (Docket Entry # 55, p. 3). On the same day, defendant filed the motion to dismiss or to compel the deposition as well as for "costs," specifically, "stenographer and legal fees." (Docket Entry # 56, ¶ 16). On June 26, 2017, plaintiff filed an affidavit disavowing the deposition transcript as an "attempt[] to create a false narrative of the drawings submitted by Plaintiff" to the ZBA for a variance.[4] (Docket Entry # 61, p. 1)

As an aside, by letter dated June 9, 2017, the stenographer notified plaintiff that, in light of his reservation of the right to read and sign the transcript, the "transcript is complete and available." (Docket Entry # 59, p. 5). She also advised plaintiff that he could purchase a copy of the transcript.

---

[4] The chairman of the ZBA testified at trial that he had a clear memory of plaintiff's statement under oath to the ZBA wherein plaintiff acknowledged that he made alterations to Mello's stamped plan that he filed with the ZBA.

4

(Docket Entry # 59, p. 5). The stenographer ended the letter by stating that if plaintiff did not exercise his right to review the transcript, the "transcript will be deemed signed."[5] (Docket Entry # 59, p. 5). In a June 22, 2017 reply letter, plaintiff quoted Fed.R.Civ.P. 30(e) and LR. 116.4 and then informed the stenographer that she would "need to send a digital copy of the transcript to [plaintiff] via email to meet the requirements of the Rules." (Docket Entry # 61, p. 5). Noting that the stenographer "demanded about $100 to send" the transcript, plaintiff attests that the transcript could be "emailed without cost . . .."[6] (Docket Entry # 61, p. 2).

On July 12, 2017, this court conducted a hearing, denied the portion of defendant's motion seeking dismissal, allowed the portion seeking to compel plaintiff to attend and participate in his deposition, and denied without prejudice the monetary sanctions for stenographer and legal fees. (Docket Entry ## 56,

---

[5] "Courts uniformly disregard untimely errata sheets, treating them as a nullity; in other words, they treat the deponent as having waived [his or] her opportunity to make changes to [his or] her testimony." Norelus v. Denny's, Inc., 628 F.3d 1270, 1304 (11th Cir. 2010) (citations omitted).

[6] Plaintiff is advised that "[t]here is no provision under the Federal Rules . . . for free copies of deposition transcripts." Reynolds v. Gerstel, No. 1:09-cv-00680-AWI-GBC, 2011 WL 2635969, at *3 (E.D.Cal. July 5, 2011). Rather, the stenographer must simply make the transcript "available" for the deponent to review, Fed.R.Civ.P. 30(e)(1), and, upon payment of "reasonable charges," provide "a copy of the transcript . . . to any party or the deponent." Fed.R.Civ.P. 30(f)(3).

63) (July 12, 2017 Order). As stated in open court, this court ordered a one-day deposition of plaintiff conducted from "10[:00 a.m.] to 4[:00 p.m.] with a one-hour break for lunch." (Docket Entry # 63). This court also advised the parties that they could conduct the deposition at the courthouse in the event the deposition needed supervision.[7]

By subpoena, defendant's counsel noticed the second deposition for August 2, 2017 "at his office." (Docket Entry # 69, p. 1). Defendant engaged a stenographer and plaintiff appeared at the designated location. The deposition did not go forward. Rather, a dispute arose on the basis of plaintiff's expressed intention to audio record the deposition. Defendant's counsel initially informed plaintiff that the deposition would not occur if plaintiff recorded it (Docket Entry # 74, p. 2) ("'All right, there will be no deposition'"), at which point plaintiff addressed defendant's counsel as "'Mr. Perjury.'"

---

[7] A March 30, 2018 Order ruling on a motion to terminate the second deposition states that:

> [T]he City of Peabody[']s decision to subpoena and to conduct the August 2, 2017 deposition of plaintiff at the offices of the City[']s attorney was not, as plaintiff suggests (Docket Entry # 69), a violation of an order by this court. At the July 12, 2017 hearing, *this court did not order the deposition to be conducted in the courthouse. Rather, this court advised the parties that plaintiff[']s deposition can be done here in the event it needs supervision*.

(March 30, 2018 Order) (emphasis added).

(Docket Entry # 74, p. 2).[8]  When defendant's counsel stated thereafter that, "'We're doing a deposition.  You're not allowed to record it,'" plaintiff replied, "'I can do whatever I want,'" and in response to defendant's counsel's statement that plaintiff could "tell the judge that, then, OK?,'" plaintiff replied, "'Very well, Mr. Perjurer.'"  (Docket Entry # 74, p. 3).  A short time later, the following exchange took place in which plaintiff repeats the assertion of perjury and calls defendant's counsel a "'worthless punk.'"  (Docket Entry # 74, p. 3).

> [Plaintiff]:  "Not only that, you are going to be named as a defendant for Perjury, because I can already prove it.  I can prove that you perjured yourself and committed fraud in state proceedings.  I can prove that you're attempting to produce a false narrative, a false document."
>
> [Defendant's Counsel]:  "Do you want me to call the police?"
>
> [Plaintiff]:  "You worthless punk."
>
> [Defendant's Counsel]:  "'Yeah?  There'll be an incident report about this, Mr. Barth.'"

(Docket Entry # 74, p. 3).  Barth thereafter left the office and did not take part in the deposition.  (Docket Entry # 74, p. 3).  Shortly after he left, a Peabody police officer was dispatched to defendant counsel's office.  After interviewing defendant's counsel and three witnesses, the police officer prepared a police

---

[8] The above recitation is taken from plaintiff's sworn recitation of his "transcript of the audio recording." (Docket Entry # 74, p. 1).  This transcript sets out approximately 2:15 minutes of dialogue of the available 12:21 minute recording. (Docket Entry # 74, p. 1).

report reflecting a misdemeanor assault.[9]  (Docket Entry # 73-1).

---

[9] Plaintiff characterizes the police report as false because defendant's "own employee, a Peabody police officer," prepared the report, and it does not contain "a single inconsistency or doubt."  (Docket Entry # 75).  "In a civil case, police reports fall under the public records exception," which entails a showing by "the opponent," Fed. R. Evid. 803(8)(B), i.e., "'the party challenging'" the report, "'to show that it is untrustworthy.'"  Amica Mut. Ins. Co. v. Rivera, Civil Action No. 17-10985-DJC, 2018 WL 6045251, at *5 (D. Mass. Nov. 19, 2018) (internal citations omitted); Lubanski v. Coleco Indus., Inc., 929 F.2d 42, 45 (1st Cir. 1991).  Although the witness statements in the police report (Docket Entry # 73-1, p. 4) reflect similar recitations of plaintiff's statements in plaintiff's "transcript of the audio recording" under oath (Docket Entry # 74), neither the witness statements nor defendant counsel's statements as set out in the police report are considered for purposes of this opinion.  See Damon v. Hukowicz, 964 F. Supp. 2d 120, 126 n. 2 (D. Mass. 2013) (agreeing "that statements made" by third parties "in the police report are inadmissible hearsay"); see also Fed. R. Evid. 801(d)(2) (requiring statements by opposing party be "offered against an opposing party").  Absent an exception, witness statements in a police report made to the reporting officer are hearsay, Damon v. Hukowicz, 964 F. Supp. 2d at 126 n. 2, as are defendant counsel's statements to the officer in the police report.  See Fed. R. Evid. 801(d)(2); see generally Damon v. Hukowicz, 964 F. Supp. 2d at 126 n. 2 (noting that entries in "'police report which result from the officer's own observations and knowledge may be admitted'") (quoting Nna v. American Standard, Inc., 630 F. Supp. 2d 115, 125 (D. Mass. 2009), in parenthetical).  Furthermore, in light of the ample evidence of what took place recited previously, it is not necessary to consider any conclusion made by the police officer in the report in order to impose sanctions for this second deposition.  See generally Taylor v. Erna, Civil Action No. 08-10534-DPW, 2009 WL 2146675, at *7 (D. Mass. July 14, 2009) ("'[a]s long as the conclusion is based on a factual investigation and satisfies [Rule 803(8)(B)'s] trustworthiness requirement, it should be admissible along with other portions of the report'") (quoting Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171 (1988), and citing Lubanski v. Coleco Indus., Inc., 929 F.2d at 45).  In other words, although the police report is not considered, this court would award the same sanctions consisting of the stenographer's fee and reasonable attorney's fees to prepare for and attend this deposition if this court considered the report.

A few days later, plaintiff filed a motion to terminate the August 2, 2017 deposition. (Docket Entry # 69). Defendant opposed the motion (Docket Entry # 72) and filed the second motion to dismiss and for monetary sanctions. (Docket Entry # 73). Plaintiff opposed the motion to dismiss (Docket Entry # 75) and submitted the aforementioned affidavit that includes his excerpts of his transcript of the interactions. (Docket Entry # 74). On March 30, 2018, this court deemed the motion to terminate (Docket Entry # 69) moot and denied the motion to dismiss (Docket Entry # 73). With respect to the request for costs associated with both depositions in this latter motion, this court afforded defendant the opportunity to "renew the portion of the motion that seeks the lesser sanction of having plaintiff pay the costs associated with the August 2, 2017 deposition at the conclusion of this case and, consistent with a July 12, 2017 order, the same ruling applies to the City's request for costs associated with the June 6, 2017 deposition." (March 30, 2018 Order).

## DISCUSSION

"Rule 30(c)(2) states that '[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).'" Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 123 (1st Cir. 2012) (quoting

9

Fed.R.Civ.P. 30(c)(2)). "This rule applies equally to *pro se* litigants." <u>Anderson v. Furst</u>, No. 2:17-12676, 2019 WL 2284731, at *6 (E.D.Mich. May 29, 2019) (addressing pro se plaintiff's refusal to answer deposition questions) (citation omitted). A question's lack of relevance or immateriality is not a proper basis to refuse to answer the question. <u>See</u> <u>Southgate v. Vt. Mut. Ins. Co.</u>, No. CA 06-500 ML, 2007 WL 1813547, at *5 (D.R.I. June 21, 2007) (collecting authority).

During the first deposition, plaintiff objected to answering so-called "immaterial" questions regarding one of the several plot plans or site drawings he submitted to the ZBA. Specifically, he objected to questions about the plot plan created by Mello (Docket Entry # 56, ¶ 6) that includes the alterations plaintiff acknowledged making to that plan before the ZBA.[10] Deposition questions regarding this plot plan are relevant to the claims in this case because the actions of the ZBA in denying a variance provide the background and the foundation for the constitutional taking, equal protection, and due process claims.[11] The fact that plaintiff filed other plot plans or site drawings as exhibits in the record or that defendant changed the exhibit number of the plot plans or site

---

[10] See footnote four.

[11] Separately, this plot plan was the proper subject of testimony at trial.

drawings at the deposition does not, as plaintiff seems to suggest (Docket Entry # 59), provide a basis to refuse to answer questions regarding this plot plan. The relevance and the materiality of this plot plan, which plaintiff undeniably attached to a letter he submitted to the ZBA (Docket Entry # 56, ¶ 6), to the claims in the case at bar remain notwithstanding the existence of other plot plans as exhibits in the record.

In lieu of answering these relevant questions, plaintiff left the deposition and filed the motion to terminate the deposition two days later on June 8, 2017. Rule 30(d)(3) allows a party to suspend a deposition to enable him to present a motion under Rule 30(d)(3) that the deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(d)(3)(A); <u>accord</u> Fed.R.Civ.P. (30)(d) advisory committee's note to 1993 amendment (Rule 30(d) prohibits directions not to answer question "except[,]" inter alia, "to suspend a deposition to enable presentation of a motion under paragraph (3)"); Fed.R.Civ.P. 30(c)(2) ("person may instruct a deponent not to answer only when necessary . . . to present a motion under Rule 30(d)(3)"). The pertinent language of Rule 30(d)(3) reads as follows:

(3) Motion to Terminate or Limit.

(A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that *unreasonably* annoys, embarrasses, or oppresses

11

>the deponent or party . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed.R.Civ.P. 30(d)(3) (emphasis added and italics and boldface font omitted). Even construing the term "unreasonably" as imposing an objective rather than a subjective standard, see Smith v. Logansport Cmty. Sch. Corp., 139 F.R.D. 637, 646 (N.D.Ind. 1991),[12] the rule also expressly allows a party to suspend a deposition "conducted in bad faith" to present a Rule 30(d)(3) motion. On the purported basis that defendant's counsel was conducting the deposition in bad faith, plaintiff left the deposition and filed the motion to terminate.

The applicable standard to impose sanctions is whether a person "impedes, delays, or frustrates the fair examination of

---

[12] In the context of discussing the language in this subsection, the court in Smith logically points out that:

>It should also be remembered that Rule 30(d) affords protection only when "the examination is being conducted in bad faith or in such manner as *unreasonably* to annoy, embarrass or oppress the deponent or party." This is, perhaps, an implicit recognition that few depositions, particularly those where the deponent is a party, are not to some extent annoying, embarrassing or oppressive, at least in the subjective estimation of the individual being examined. The Rule is not designed to stop an uncomfortable but relevant interrogation or to forestall the elicitation of testimony damaging to a party's case.

Smith v. Logansport Cmty. Sch. Corp., 139 F.R.D. at 646 (emphasis in original).

the deponent."[13] Fed.R.Civ.P. 30(d)(2). Although the issue is close, this court finds that plaintiff did not impede, delay, or frustrate his fair examination at the first deposition. While plaintiff was misguided in not answering the relevant questions, he promptly moved to terminate the deposition and engaged in no other conduct at the deposition, including audio recording the deposition,[14] that in totality warrants sanctions under Rule

---

[13] The renewed motion does not identify the rule under which defendant seeks monetary costs "associated with" the June and August 2017 depositions. (Docket Entry # 73, p. 2, ¶ 1). Rule 30(d)(2) authorizes monetary sanctions consisting of "reasonable expenses and attorney's fees" for conduct impeding, delaying, or frustrating a "fair examination of the deponent." Fed.R.Civ.P. 30(d)(2). Because the motion seeks costs associated with depositions, it impliedly invokes Rule 30(d)(2). The renewed motion also states that this court ordered a deposition (Docket Entry # 73, ¶ 3) and seeks monetary costs and a dismissal for plaintiff's "failure to comply with discovery" (Docket Entry # 73, p. 2, ¶¶ 1-2) thereby also invoking the sanction machinery of Fed.R.Civ.P. 37(b) for not obeying a discovery order.

[14] Rule 30(b)(3)(A) allows a party receiving a deposition notice that designates a method of recording to arrange an additional, different method of recording, including "by audio." Fed.R.Civ.P. 30(b)(3)(A). Rule 30(b)(3)(B), however, requires the party to provide "prior notice" of the additional method to the party who originally noticed the deposition. See Burgess v. Town of Wallingford, No. 3:11-CV-1129(CSH), 2012 WL 4344194, at *2, *6 (D.Conn. Sept. 21, 2012); Fed.R.Civ.P. 30(b)(3)(B); accord Schoolcraft v. City of New York, 296 F.R.D. 231, 239 (S.D.N.Y. 2013) ("Plaintiff failed to provide proper notice required under Fed.R.Civ.P. 30(b)" by not serving opposing party with notice of intent to use alternative method to record deposition by videotape). Plaintiff did not provide the requisite prior notice. Under the circumstances, plaintiff's authority to operate an audio recorder is debatable even in light of the presence of a stenographer. See Schoolcraft v. City of New York, 296 F.R.D. at 239; Carvalho v. Reid, 193 F.R.D. 149, 152 (S.D.N.Y. 2000) (denying pro se plaintiff's request to videotape deposition "for failure to provide proper notice to the

13

30(d)(2). See Fed.R.Civ.P. 30(d) advisory committee notes to 1993 amendment (describing standard as "not engag[ing] in any conduct during a deposition that would not be allowed in the presence of a judicial officer"); Quinio v. Aala, No. 15-CV-4912-PKC-SJB, 2017 WL 8646668, at *2 (E.D.N.Y. Dec. 21, 2017) (quoting same language in Fed.R.Civ.P. 30(d) advisory committee notes to 1993 amendment); McDonough v. Keniston, 188 F.R.D. 22, 24 (D.N.H. 1998) (same). "When, during a deposition, a witness believes an examining party's questions constitute harassment, the proper procedure is to adjourn the deposition and apply to the court for relief" under Rule 30(d)(3), Scott-Iverson v. Indep. Health Assen, Inc., No. 13-CV-451V(F), 2017 WL 35453, at *3 (W.D.N.Y. Jan. 4, 2017), which is the procedure plaintiff followed by promptly filing the motion to terminate. See also McDonough v. Keniston, 188 F.R.D. at 24 (noting that "remedy for oppressive, annoying and improper deposition questioning is not

---

defendant, as required by Rule 30(b)(3)" and "for failure to arrange to have the videotaping conducted by an appropriate person, as required by Rules 30(b)(4) and 28(c)"); Fed.R.Civ.P. 30(b) advisory committee notes to 1993 amendment (previously designated "paragraph (4) requires that all depositions be recorded by an officer designated or appointed under Rule 28"); cf. C.G. v. Winslow Twp. Bd. of Educ., Civil No. 13-6278 (RBK/KMW), 2015 WL 3794578, at *2-3 (D.N.J. June 17, 2015) (upholding ruling barring party's attorney from videotaping deposition because he was not "officer" under Fed.R.Civ.P. 28 and Rule 30(b)(5)(A)(B) precludes party's counsel "from doing the recording himself"; but collecting authority allowing party's attorney to record deposition in concert with court officer, such as stenographer).

to simply instruct the deponent not to answer, but rather, it also requires suspending the deposition and filing a motion under Rule 30(d)(3)"). Accordingly, monetary sanctions for the June 6, 2017 deposition sought in the renewed motion to dismiss (Docket Entry # 73, p. 2, ¶ 1) are not warranted.

Turning to the attempted August 2, 2017 deposition, plaintiff likewise moved to terminate this deposition under Rule 30(d)(3). (Docket Entry # 69). The plain language of this rule, as well as that of Rule 30(c)(2), however, applies to conduct and questions that take place *during* the deposition. See Fed.R.Civ.P. 30(d)(3) ("[a]t any time during a deposition . . .."); Fed.R.Civ.P. 30(c)(2) ("person may instruct a deponent not to answer only when necessary . . . to present" Rule 30(d)(3) motion); Scott-Iverson v. Indep. Health Assen, Inc., No. 13-CV-451A(F), 2016 WL 787961, at *2 (W.D.N.Y. Mar. 1, 2016) ("in this case, the alleged misconduct attributed to Defendant's attorney occurred during an off-the-record break in the [deposition] testimony and . . . neither party cites to any authority extending Rule 30(d)(3) . . . to such off-the-record comments which do not constitute questioning of Plaintiff as a witness").

Shortly after plaintiff arrived at the office of defendant's counsel on the scheduled date, defendant's counsel stated "'there

will be no deposition'" if plaintiff recorded the proceeding.[15] (Docket Entry # 74, p. 2). In lieu of trying to work out a compromise or recognizing that recording was not permissible given the lack of prior notice under Rule 30(b)(3), plaintiff began calling defendant's counsel "Mr. Perjurer" and a "'worthless punk.'" (Docket Entry # 74). Plaintiff's conduct is not the kind of conduct that would "be allowed in the presence of a judicial officer." Fed.R.Civ.P. 30(d) advisory committee note to 1993 amendment. By engaging in this conduct and then leaving the office, plaintiff prevented and impeded the deposition from proceeding. Such conduct is sanctionable under Rule 30(d)(2) and entitles defendant to "the reasonable expenses and attorney's fees," Fed. R.Civ.P. 30(d)(2), it incurred, consisting of the stenographer's fee and reasonable attorney's fees to prepare for and attend the scheduled August 2, 2017 deposition.

In the alternative, plaintiff violated the terms of this court's July 12, 2017 order to conduct the deposition, which provides a proper basis for sanctions under Fed.R.Civ.P. 37(b)(2)(C) ("Rule 37(b)(2)"). "The plain language of Rule 37(b)" requires a recalcitrant party's failure "'to obey an order to provide or permit discovery.'" Melendez-Garcia v. Sánchez, 629 F.3d 25, 33-34 (1st Cir. 2010) (quoting Rule 37(b)(2)(A)). On July 12, 2017, this court ordered plaintiff to undergo a one-

---

[15] See footnote 14.

day deposition. Instead of allowing the deposition to proceed, plaintiff left the designated location.

It is true that Rule 37(b)(2)(C) allows a nonmovant to avoid sanctions when the failure to obey the order was "substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). "A party is 'substantially justified' in . . . disobeying an order 'if there is a "genuine dispute," or "if reasonable people could differ as to the appropriateness of the contested action."'" Parsi v. Daioleslam, 778 F.3d 116, 127 (D.C.Cir. 2015) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988), with internal citations and brackets omitted); Samsung Elecs. Am., Inc. v. Yang Kun Chung, 321 F.R.D. 250, 278 (N.D.Tex. 2017) (party's conduct is "substantially justified" under Rule 37(b)(2)(C) "if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action") (internal quotation marks and citations omitted).

Here, as indicated above, the plain language of Rule 30(d)(3) does not allow plaintiff to disobey the order by filing a motion to terminate the deposition based on conduct that did not occur during the deposition. See Scott-Iverson v. Indep. Health Assen, Inc., 2016 WL 787961, at *2; Fed.R.Civ.P. 30(d)(3)(A). There is also no indication that plaintiff gave defendant prior notice of plaintiff's decision to audio record

17

the second deposition in accordance with Rule 30(b)(3).[16]  See Burgess v. Town of Wallingford, 2012 WL 4344194, at *7.  In any event, there is no substantial justification to refuse to undergo the deposition and thereby disobey this court's order merely because defendant's counsel did not agree to plaintiff audio recording the proceeding.  A stenographer was present and plaintiff could object to any error in transcription by adhering to the procedures under Fed.R.Civ.P. 30(e).  Moreover, at the July 12, 2017 hearing, this court heard and rejected plaintiff's arguments similar to those plaintiff makes to justify his conduct on August 2, 2017.  Given these and other circumstances, along with the clear terms of the July 12, 2017 order, plaintiff's failure to even begin the August 2, 2017 deposition entitles defendant to "reasonable expenses, including attorney's fees, caused by the failure" to abide by the order.  Substantial justification or other circumstances making an award unjust is absent.  Exercising this court's discretion on the choice of sanction, see Lamex Foods, Inc. v. Audeliz Lebrón Corp., 646 F.3d 100, 112 (1st Cir. 2011) (affirming lower court's order to pay

---

[16] This court finds that defendant counsel's statement asking plaintiff to remember the "'last time we talked'" that "'[y]ou can't record on your own'" (Docket Entry # 74, p. 2) is a reference to the discussion in the waiting area prior to the first deposition that defendant's counsel would not agree to plaintiff recording the deposition.  (Docket Entry # 56, ¶ 13). The interchange was not prior notice of the use of an audio recorder at a different deposition in the future.

18

"costs and attorney's fees Lamex incurred in the deposition of Audeliz Lebrón" and noting Lebrón's hostility), the sanction shall consist of the stenographer's fee and the reasonable attorney's fees to prepare for and attend the August 2, 2017 deposition.[17]

## CONCLUSION

In accordance with the foregoing discussion, the renewed motion to dismiss and for sanctions (Docket Entry # 73) as to the June 6, 2017 deposition is **DENIED**. As to the August 2, 2017 deposition, the renewed motion (Docket Entry # 73) is **ALLOWED** to the extent of awarding defendant monetary sanctions consisting of the stenographer's fee for the August 2, 2017 deposition and reasonable attorney's fees to prepare for and attend the August 2, 2017 deposition. Defendant shall meet and confer with plaintiff in an attempt to reach an agreement regarding the amount and, absent such an agreement, file an affidavit setting out the requested amount on or before June 26, 2019.

                                            /s/ Marianne B. Bowler
                                            **MARIANNE B. BOWLER**
                                            United States Magistrate Judge

---

[17] Because this court would award the same sanction under Rule 37(d)(3), it is not necessary to address this alternative basis to award costs for the August 2, 2017 deposition.